IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Roosevelt Baccus, | ) C/A No.  8:13-3439-JFA-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Bristow Marchant and David C. Norton, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

Plaintiff, John Roosevelt Baccus ("Plaintiff"), is a state prisoner housed in the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections ("SCDC") in Pelzer, South Carolina.  Plaintiff, proceeding pro se and in forma pauperis, brings this civil rights action against Defendants, seeking monetary damages and injunctive relief, pursuant to 42 U.S.C. § 1983,[1] for alleged "fraud on the court" based on Plaintiff's assertions that Magistrate Judge Marchant's Order of November 13, 2013 (ECF No. 18) in Baccus v. Byars, et al., C/A No. 9:13-2309-DCN-BM (D.S.C.), constitutes "wrongful conduct by the U.S. District Court judges, clerks et al [which] prevented blacks plaintiff from asserting maintaining [his] claims."  Complaint, ECF No. 1, p. 2.

---

[1] See Plaintiff's Civil Cover Sheet (ECF No. 2).  Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law."  See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996).  To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989). Further, although this Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Here, after careful review, the undersigned finds that Plaintiff's Complaint is subject to summary dismissal, without prejudice and without issuance and service of process, because it fails to state a claim on which relief may be granted by this Court.

**BACKGROUND**

Plaintiff alleges:

> On October 25, 2013, Plaintiff submitted Motions and Pleadings supporting Exhibits Demanding An Adversary And Conformity Hearings - - - regarding United States Magistrate Bristow Marchant and United States Chief Judge David C. Norton's failure(s) to accommodate blacks Plaintiffs [claims] because of [his] refusal to be blindly dependent, or detrimental reliance on government of laws, and [his] race, color, age, sex, origin, language, status perpetuity dependency ["disabilities'] as following as [his] "statement of claims":
>
> During 1999 until 2003, Plaintiff, then a detainee in the Marion County Detention Center [MCDC], South Carolina, was not a 'prisoner' for the purposes of the [Prion Litigation Reform Act] [P.L.R.A.], and therefore the assigned judges David C. Norton's referrals and adoptions of U.S. Magistrate Bristow Marchants Report and Recommendations; by representing to the Administrative Offices of the U.S. Courts that ["P.L.R.A."] is "applicable" to 'pretrial' detainees, when Plaintiff, then a 'detainee' was "inapplicable" to ["P.L.R.A."], [t]his reasonably must be held to have been [,] fraud upon the courts, and reversals and/or summary judgments of all cases therefrom, in the Plaintiffs favor, as a result.

Complaint, ECF No.1, p. 3.  An attachment to Plaintiff's Complaint poses a "Constitutional Question," as follows:

> Whether? By U.S. Magistrate Bristow Marchant representing to the courts that during 1999 until 2003, Prison Litigation Reform Act, ["P.L.R.A."] was "applicable" to Plaintiff, then a pretrial 'detainee,' when ["P.L.R.A."] during 1999 until 2003 was "inapplicable" to Plaintiff, then a pretrial 'detainee,' constitute "a judicial usurpation of power"? Or "fraud upon the Plaintiff and upon the courts"?

Complaint, ECF No. 1-1.  Plaintiff seeks "compensatory damages in the amount of $3 trillion against each defendants jointly and severally," . . . "punitive damages in the amount of $3 trillion against Defendants Marchant and Norton," "appointed counsels for Plaintiff,"[2]

---

[2]  Plaintiff has not filed a motion for appointment of counsel in this case.  In any event, the undersigned observes that there is no right to appointed counsel in § 1983 cases.  See Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975).  The Congress does not appropriate funds to pay attorneys

3

and "Plaintiff's immediate release from the custody of the state."[3]  Complaint, ECF No. 1, p. 4.

The Court may take judicial notice of the currently pending case in this Court to which Plaintiff's Complaint refers, i.e. Baccus v. Byars, et al., C/A No. 9:13-2309-DCN-BM (D.S.C.).[4]  In C/A No. 13-2309, Magistrate Judge Marchant issued an Order dated November 13, 2013 (C/A No. 13-2309, ECF No. 16) which denied Plaintiff's "Motion Demanding An Adversary And Conformity Hearings With The Minimum Standards Of Due Process" (C/A No. 13-2309, ECF No. 16).  In his Motion, Plaintiff alleged that the Prison Litigation Reform Act is not applicable to pretrial detainees, and should not have been

---

who represent litigants in civil rights cases or in non-capital habeas corpus cases. 53 Comp. Gen. 638 (1974).  Although this economic fact is not conclusively determinative of the issue, it is a practical consideration which cannot be ignored.  While the district court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  Plaintiff has not demonstrated that this case requires appointment of counsel and, after careful review of the pleadings, the undersigned has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor has Plaintiff been denied due process because an attorney has not been appointed. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984).

[3]  The United States Supreme Court held, in Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." In Heck v. Humphrey, 512 U.S. 477 (1994), the Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983.  In Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit Court of Appeals affirmed the continued authority of Preiser and Heck as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in a § 1983 action.

[4]  See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records.").

4

applied to the lawsuits which Plaintiff filed in this Court during the period from 1999 - 2003, while Plaintiff was a pretrial detainee. The Order found that:

> Contrary to Plaintiffs assertions, the Prison Litigation Reform Act ("PLRA") is applicable to pretrial detainees. The PLRA defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." See 28 U.S.C. § 1915(b) (requiring prisoners to pay a filing fee); 28 U.S.C. § 1915 (h) (defining "prisoner"). It is well settled in the Fourth Circuit, and in every other circuit, that the PLRA applies to pretrial detainees. See Michau v. Charleston County, 434 FJd 725, 727 (4th Cir. 2006).

Order, C/A No. 13-2309, ECF No. 18, p. 3. Accordingly, Plaintiffs Motion seeking a hearing to consider Plaintiff's erroneous contention that the PLRA should not have been applied to the cases he filed in this Court while he was a pretrial detainee was denied by Magistrate Judge Marchant.

## DISCUSSION

A judicial officer in the performance of his or her duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12 (1991). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Judicial immunity is not pierced by allegations of corruption or bad faith. Bradley v. Fisher, 80 U.S. 335, 347 (1872) ("Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed"); Pierson v. Ray, 386 U.S. 547, 554 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"); Burns v. Reed, 500 U.S. 478 (1991) (safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct). Absolute judicial immunity "is an immunity from suit rather than a mere defense

to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

There are two circumstances where a judge's immunity from civil liability may be overcome. The exceptions are narrow in scope and infrequently applied. The first exception is where a judge engages in nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. Id.; see Figueroa v. Blackburn, 208 F.3d 435, 440 (3rd Cir. 2000). The second exception involves actions that, though judicial in nature, are taken in the complete absence of jurisdiction. Mireles, 502 U.S. at 12. Generally, "'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" Barnes v. Winchell, 105 F.3d 1111, 1122 (6th Cir. 1997). There is, of course, a difference between an act in excess of jurisdiction and one in the absence of jurisdiction. The United States Supreme Court, in Stump, provided an example:

> If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Stump, 435 U.S. at 357 n.7. The facts alleged in Plaintiff's Complaint show that the alleged wrongful acts of Judge Norton and Magistrate Judge Marchant were judicial acts performed in a judicial capacity. The acts were taken within the scope of Defendants' judicial duties, in cases within the jurisdiction of this Court. Neither exception to the doctrine of absolute judicial immunity is applicable in the instant case. Thus, Defendants have absolute judicial immunity from Plaintiff's claims.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

                                                                                            s/ Jacquelyn D. Austin  
                                                                                            United States Magistrate Judge

December 18, 2013  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections**. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).